[Civ. No. 2035. Second Appellate District.—February 5, 1918.]

JOHN MASSIE et al., Respondents, v. ELDORADO GOLD STAR MINING COMPANY (a Corporation), Appellant.

PROMISSORY NOTES — EXECUTION BY PRESIDENT OF CORPORATION — AUTHORITY—INSUFFICIENCY OF EVIDENCE.—In this action against a corporation on promissory notes executed by the president of the corporation, it is held that the evidence is insufficient to show authority to execute the same.

ID.—UNAUTHORIZED ACT OF PRESIDENT—INSUFFICIENT RATIFICATION.— The determination of the board of directors of a mining corporation that they might, in the event the mine became productive and no change of mind was had upon the matter, take care of promissory notes executed by the president of the corporation without authority, was not a ratification of the president's act, nor the making of a new contract.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. George H. Cabaniss, Judge Presiding.

The facts are stated in the opinion of the court.

G. W. Wickliffe, for Appellant.

Randall & Bartlett, for Respondents.

JAMES, J.—This appeal was taken by defendant from the judgment and from an order denying defendant's motion for a new trial. On the evidence as shown by the bill of exceptions, we are of the opinion that the judgment cannot be sustained; and it will be unnecessary to notice particularly errors assigned by appellant which do not refer to the question of the insufficiency of the evidence to justify the decision of the court.

Plaintiffs sued upon two promissory notes alleged to have been executed by the defendant, each for the sum of five hundred dollars; the first alleged to be of date May 15, 1910, and the second of June 15, 1910, each payable one year after date, with interest at the rate of seven per cent per annum. It was alleged that plaintiffs were not in possession of the promissory notes at the time suit was brought, but that they were informed and believed that the same were in possession of the defendant. The defendant by answer specifically denied the making of the promissory notes and denied that it had possession of any notes. It appeared that at the time the notes were alleged to have been made one Sims was president of the defendant company. Plaintiff Lou Massie testified that Sims borrowed the money from her and her husband, the coplaintiff. When asked by whom the first note was signed, she answered that it was signed by "Sims." As to the second note, the following interrogatory was put to her: "And this second note, the one dated June 15, 1910, or thereabouts, was signed the same as the other note, or signed as president of the Eldorado Gold Star Mining Company?" to which the witness answered, "Yes, sir." Sims testified as a witness and stated that he borrowed the money and signed the notes with his own name, adding thereto the words: "President of Eldorado Gold Star Mining Company." He gave no testimony as to any alleged particular authority given him by the company to borrow money. Later in his testimony he added that the notes had also been signed by the secretary of the company. When

asked what was done with the money, he said: "The first money, there was a writing-desk, typewriter, carpet, some little fixtures we had there, went down to the mine twice, carried down parties twice to investigate, to take out stock with the company, and of course that cost money. Q. Do you know how the second five hundred dollars was used? A. Pretty much the same way. We were trying to get started and the money did not last very long." Plaintiff John Massie testified that he at one time demanded payment of the full amount of the notes from one Folke, secretary of the company, and that Folke gave him a note, which was in form a statement reading as follows:

"September 25, 1911.
"Eldorado Gold Star Mining Company
"To John Massie, Dr.

| | | |
|---|---|---|
| Sept. 25 | To 2 notes..................... | $1000.00 |
| | " Cash & Inst................ | 319.00 |
| | | $1319.00." |

The foregoing statement constitutes the substance of all the material testimony introduced on behalf of the plaintiffs. From that testimony it is very clear indeed that no authority was shown in Sims, as president of defendant corporation, to bind the corporation by the execution of promissory notes. (*Black* v. *Harrison Home Co.*, 155 Cal. 121, [99 Pac. 494].) The claim that the act of Sims was ratified must rest wholly upon the transaction which resulted in the giving of the alleged statement of account as above quoted. The secretary of the defendant was sworn as a witness on the latter's behalf. This witness, without objection, testified that he had examined the minutes of the corporation, which contained a full, true, and correct report of the meetings of the board of directors, and had found no record of any action taken on behalf of the board authorizing the making of the promissory notes here sued upon. The secretary testified positively that the board "had never authorized any loan of that character." He testified that at one of the meetings subsequent to the date of the maturity of the notes, a Mr. Shields, by request of the plaintiffs, made a statement to the board of directors regarding the borrowing by Sims of the plaintiff's money, and the witness then stated: "The board had considered the matter; they said,

'Well, we are not entitled to pay it, because we didn't borrow it and did not use it, but as you are old people and you let him have the money individually, when the mine gets on a productive basis we will try and take care of it. We will have our secretary make an entry, so when we get on a productive basis we can look after you if we so choose.' '' It was upon this authority that the secretary made the statement of account which has before been referred to. Plainly the determination of the board of directors, that they might in the event the mine became productive and no change of mind was had upon the matter "take care" of the notes, in no sense amounted to a ratification of the act of Sims nor the making of a new contract. There was no claim made by plaintiffs that any express authority had been granted to Sims to borrow money on behalf of the corporation. The testimony given by the secretary was in no wise disputed or contradicted. Upon the record, we think the decision of the court is without sufficient evidence to support it.

The judgment and order are reversed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.